C. E. White, Appellee, v. H. S. Hiatt et al., Appellants.

Gen. No. 9,294.

Opinion filed August 30, 1938.

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, of Chicago, for appellants; ALBERT E. JENNER, JR. and SAMUEL W. BLOCK, both of Chicago, of counsel.

E. R. NADELHOFFER, of Joliet, and E. P. HARNEY, of Momence, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

C. E. White brought a suit at law against the school directors of District No. 182, defendants and appellants, to recover damages for his wrongful discharge as a teacher. He claimed he was hired to act as principal of the Beecher schools from September, 1934, to May, 1935, at a salary of $1,500. The case was heard

before the court without a jury. The court found there was a valid contract and that White was illegally discharged. White was given a judgment for $1,600. It is from this judgment that the appeal is prosecuted.

The complaint alleges that on the 16th day of April, 1934, and for several years prior thereto, the plaintiff was a teacher by profession and duly qualified under the laws of the State of Illinois to teach in the public schools of said State; that the plaintiff has been the principal of the schools for the defendants for the year beginning September, 1933, and ending in June, 1934; that on April 16, 1934, said defendants, the school board directors of said district, duly met; that all the directors were present and the following motion was passed: "Motion by Walter Hoppensteadt, seconded by H. S. Hiatt, that Professor C. E. White be reemployed at his present salary at $1,500.00 for the next school year. Motion carried. Walter Hoppensteadt and H. S. Hiatt voting aye and M. R. Miley voting no."

The complainant further alleges that on the 18th day of April, 1934, the plaintiff received the following notice from said defendants by M. R. Miley, clerk of the School Board:

"Beecher, Illinois, April 17, 1934.

"Prof. C. E. White,
Beecher, Illinois.

"Dear sir:

"The School Board of District No. 182 has authorized me to notify you that you was reengaged as Principal for the next year at your present salary of Fifteen Hundred Dollars ($1500) for the School year of nine months.

"Very truly yours,
(Signed) M. D. Miley, M. D.
Clerk."

Complainant further alleges that on the 21st day of May, 1934, the plaintiff formally accepted in writing, in substance as follows:

"Dr. H. S. Hiatt                                    Dr. M. R. Miley
    President                                          Secretary
                    Mrs. Tillie Bielfeldt
                    Member School Board
                    Beecher Public Schools
                C. E. White, Superintendent
                    Beecher, Illinois, May 21, 1934.

"Dr. M. R. Miley
Beecher, Illinois
Clerk District No. 182
Will County, Illinois.

"Dear Sir:

"This is to formally notify you as Clerk of School District No. 182 that I hereby accept the principalship of your schools for the school year 1934-5. I had previously told Dr. Hiatt and Mr. Hoppenstedt that I would accept and this notice is sent so that it will appear on your official records.

"Respectfully,
C. E. White."

The complainant further alleges that during the school year 1934 and 1935, the plaintiff was ready, able, and willing at all times to perform the duties as principal for said schools, but the defendants wrongfully refused to permit the plaintiff to perform his duties as principal and wrongfully employed another person to perform said duties; that the plaintiff has used all reasonable efforts to secure other employment during the said year but was unable to do so; that as a result of said breach of contract the plaintiff has been damaged to the extent of the salary of $1,500 a year, and that he had lost the interest thereon at 5 per cent or a total of $1,600.

The defendants filed their answer and admitted that the first four paragraphs were true; that they passed

a resolution as set forth in the complaint to hire the plaintiff, but say that it was a mere offer to re-engage the plaintiff as principal, and before it was accepted by the plaintiff it was modified or changed by the defendants. They deny that there was ever a hiring of the plaintiff by the defendants, but allege that one of the conditions of the hiring was that the plaintiff should satisfy the board that he would have the co-operation of the other teachers of the Beecher school if he was employed, but that he could not get the co-operation of the other teachers and therefore the contract was never consummated. The answer further alleges misconduct and incompetency on the part of the plaintiff of such a nature that they were justified in canceling the contract between the plaintiff and the defendant.

The plaintiff introduced evidence to sustain the allegations that he was a regularly licensed school teacher in the State of Illinois; that he had been practicing his profession for quite a number of years, and presented a certificate showing his qualifications as such teacher. He also introduced a letter from M. R. Miley, the clerk of the school board of directors, notifying him of the action of the board of education in engaging him as principal of the Beecher schools, and a letter addressed to Mr. M. R. Miley, clerk of the school board, and signed by C. E. White; also the proceedings of the board of directors of District No. 182 pertaining to the employment of the plaintiff by the defendants as principal for their schools for the year 1934 to 1935. Plaintiff's Exhibit No. 4 is as follows:

"Beecher, Illinois, May 8, 1934.
"Prof. C. E. White,
Beecher, Illinois.
"Dear Sir:
"Please send me a list of your High School Graduates with names exactly as they wish them to appear on their diplomas; also state the date of

graduation so that I can order their diplomas and have them here in time for Commencement Evening.

"The Board of Directors, at the regular meeting last evening, instructed me to repeat its offer of retaining you as principal for next year at your present salary of $1500. for the school year of nine months.

."If the offer is not accepted within 2 weeks other applications will be considered.

"Very truly yours,
M. R. Miley, M. D.
Clerk of School Board."

In addition to the exhibits the plaintiff testified that he had talked to Dr. Hiatt, one of the members of the school board, and told him that he would accept the position as principal for the schools for the ensuing year; that this conversation took place the day after he received the letter from Dr. Miley notifying him that the board had passed a resolution to employ him for another year. The appellee further testified that at the beginning of the school year in the fall of 1934, he presented himself to the Beecher school ready to take up his duties as principal of said school, but found that they had employed another teacher in his place; that he tried to procure other employment in other schools but was unsuccessful; that he was unable to get any school or any employment until the next spring; that during the month of November he applied for and received relief.

The defendants then introduced evidence both documentary and oral tending to show that the board had acted in good faith in discharging the plaintiff; that he was incompetent as a teacher and that he did not cooperate with the other teachers; that he was morose, sullen, and used profane language and did not treat the other teachers with respect. The records put in evidence contain the minutes of a purported meeting of

the board held on May 10, 1934, in which charges were preferred and complaint was made in regard to the conduct of the plaintiff; that he was notified by the board at that time; that before they would hire him for the ensuing year he would have to have the co-operation of all the other teachers of the school, to which the plaintiff replied that he could get such co-operation. It is conceded that this record was made on March 4, 1935, and amended *nunc pro tunc* as of May 1, 1934 to show correctly the business transacted at the meeting on said date. It will be observed that this suit was commenced September 26, 1934, and the amendment was made approximately five and one-half months after the suit was started.

The abstract contains the finding of the court in which he states his reasons for giving credence to certain testimony and little credence to others. He concludes that there was a valid offer and acceptance of a contract of employment between plaintiff and the defendants. He gives his reasons for placing little reliance upon the minutes of the board of May 10, 1934. He also finds that the evidence of Mr. White's misconduct was not such as to justify the charge of incompetency or lack of co-operation, and the evidence tending to establish these facts was of a petty and trifling nature. The trial court has given a clear and good analysis of the evidence as disclosed by this record.

It is our conclusion that the trial court properly found that there was a valid and existing contract of employment between the plaintiff and the defendants for the plaintiff to teach the Beecher schools for the year 1934 to 1935, and the evidence does not sustain the charge of misconduct or incompetency of the plaintiff to be such as to justify his discharge as such teacher.

The judgment of the trial court of Will county is hereby affirmed.

*Judgment affirmed.*